J-S31007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FENNELL | : | |
| | : | |
| Appellant | : | No. 2280 EDA 2020 |

Appeal from the PCRA Order Entered November 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0406281-2005

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 06, 2022**

Robert Fennell appeals *pro se* from the order that dismissed his serial

petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On February 25, 2005, Appellant and two co-conspirators executed a

plan to commit an armed robbery of a check cashing business.  The three men

accosted Kaulee Prioleau, the husband of an employee of the business,

following him into his home where members of his were present, including

Vernita Deal and Edwina Black. One of the men held Mr. Prioleau's family

members at gunpoint while Appellant and the other co-conspirator escorted

Mr. Prioleau to his wife's place of business, intending to steal the cash on hand

---

[*] Former Justice specially assigned to the Superior Court.

once the he convinced his wife to open the safe. In the end, the robbery was thwarted and Appellant was taken into custody after resisting arrest.

A jury convicted Appellant of conspiracy, kidnapping, aggravated assault, and other crimes, and Appellant was sentenced to serve a term of imprisonment of ten to twenty years on December 4, 2006. This Court affirmed Appellant's judgment of sentence on July 16, 2008, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 1, 2009. *See Commonwealth v. Fennell* ("*Fennell I*"), 959 A.2d 961 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 968 A.2d 231 (Pa. 2009).

Appellant's first PCRA petition was filed in 2007 while his direct appeal remained pending, and was properly dismissed as premature.[1] Appellant's second petition was filed in 2008, and "[a]lthough [A]ppellant's direct appeal was still pending, the court apparently held the petition under advisement until Appellant's direct appeal concluded." *Commonwealth v. Fennell* ("*Fennell II*"), 48 A.3d 478 (Pa.Super. 2012) (unpublished memorandum at 2). The PCRA court treated it as Appellant's first petition and accordingly appointed counsel. After Appellant's judgment of sentence became final, counsel sought and was granted permission to withdraw pursuant to

---

[1] *See*, *e.g.*, *Commonwealth v. Smith*, 244 A.3d 13, 16–17 (Pa.Super. 2020) ("If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." (cleaned up)).

- 2 -

***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and the PCRA court denied the petition as meritless.

Appellant filed his third PCRA petition in 2010, claiming therein "that the Commonwealth improperly withheld potentially exculpatory drug and gun evidence, and also failed to provide certain police and medical reports, and certain telephone records." ***Fennell II***, ***supra*** (unpublished memorandum at 4). The PCRA court dismissed the petition as untimely, and this Court affirmed. ***Id***. (unpublished memorandum at 5). Appellant did not timely file for discretionary review by our Supreme Court.

Appellant's fourth PCRA petition was filed in 2014. This time, he alleged that he newly discovered the fact that one of his jurors had lied about having a criminal record after Appellant received a copy of the 2006 *voir dire* transcript in December 2013, and then obtained the person's criminal background information in February 2014. ***See Commonwealth v. Fennell*** ("***Fennell III***"), 180 A.3d 778, 782 (Pa.Super. 2018) (*en banc*), *appeal denied*, 192 A.3d 1111 (Pa. 2018). After granting a petition to hear the case *en banc* and appointing counsel for Appellant, we affirmed the PCRA court's dismissal of the petition as untimely, holding that "Appellant did not act diligently in obtaining the alleged information regarding" the juror in question. ***Id***. at 783.

Appellant filed the PCRA petition that is the subject of the instant appeal on or about April 1, 2019.[2] Therein, Appellant asserted that his third PCRA petition, which was filed in 2010 and dismissed as untimely in 2011, was not actually untimely "and as such constitutes newly discovered evidence of government interference." PCRA Petition, 4/1/19, at ¶ 16 (cleaned up). He indicated that, since he filed his first two PCRA petitions prematurely while his direct appeal remained pending, the 2010 petition was a timely first petition. *Id*. at ¶ 18. Appellant requested leave to file a PCRA petition *nunc pro tunc* "due to this new evidence of government interference, and that several witnesses gave false testimony at trial[.]" *Id*. at ¶ 17. Appellant stated that he discovered these alleged lies on February 29, 2019,[3] when "he finally received . . . a copy of the preliminary [hearing] transcripts . . . from his co-defendant." Brief in Support, 4/1/19, at 6.

On August 23, 2019, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing because it was untimely and did not invoke a timeliness exception. **See** Rule

_____

[2] The petition was docketed on April 9, 2019, but was dated by Appellant in prison on April 1, 2019. **See**, **e.g.**, **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa.Super. 2021) ("The prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (cleaned up)). We shall use April 1, 2019 as the filing date for purposes of our discussion, although our conclusion would be the same for either date.

[3] Although it does not impact our disposition of this appeal, we note that, since 2019 was not a leap year, there was no February 29, 2019.

- 4 -

907 Notice, 8/23/19, at unnumbered 1. Appellant filed a response reiterating his claims that the government interfered with his presentation of claims by erroneously ruling his 2010 petition untimely, and that, in any event, he pled the discovery of new evidence. **See** Response to 907 Notice, 9/3/19, at unnumbered 2.

The PCRA court dismissed Appellant's petition without a hearing by order dated November 15, 2019. However, from the certified record, it appears that the order was not docketed in full compliance with Pa.R.Crim.P. 114, and the PCRA court failed to "advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed" as required by Pa.R.Crim.P. 907(4). Accordingly, Appellant's notice of appeal filed on September 3, 2020, is not subject to quashal for untimeliness. **See**, **e.g.**, **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa.Super. 2019) (observing that the time for filing an appeal may be extended when the failure to file a timely appeal is a result of a breakdown in the court system); **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000) (considering otherwise late appeal timely where the final order was not properly docketed such that "the period for taking an appeal was never triggered"). Therefore, we proceed to consider the substance of this appeal.

Appellant states the following question for our consideration:

Whether the [PCRA] court erred by dismissing [Appellant]'s petit[i]on for post-conviction relief as untimely in lieu of

considering the merits of the issues raised therein, namely [Appellant]'s viable claim of newly discovered evidence of gover[n]ment interference, and false testimony by a Commonwealth witness that was not corrected by the district attorney for the Commonwealth[.]

Appellant's brief at vi (unnecessary capitalization omitted).

We begin with an examination of the applicable legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Stansbury***, s***upra*** at 161 (cleaned up).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014). The PCRA provides as follows regarding the time for filing a petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 6 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant first maintains that the issues in the instant petition should be considered timely because the government interfered with his litigation of his third petition filed in 2010.  He reasons that, because his direct appeal was still pending in when he filed his second petition in 2008, the "PCRA one year timeline was jurisdictionally tolled until December 16, 2009," such that he had one year from January 15, 2010, which was the last day to appeal the denial of the second petition, to file a timely PCRA petition.  **See** Appellant's brief at 5-6 (citing **Commonwealth  v. Lark**, 746 A.2d 585 (Pa. 2000), *overruled on other grounds*, **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)).

Even if there were any merit in Appellant's **Lark**-based argument,[4] he plainly could have raised it years before he filed his 2019 PCRA petition.

---

[4] In **Lark**, our High Court observed that "[a] second appeal cannot be taken when another proceeding **of the same type** is already pending." **Commonwealth  v. Lark**, 746 A.2d 585, 588  (Pa. 2000) (emphasis added). Accordingly, it held that, "when an appellant's **PCRA appeal** is pending before a court, a **subsequent PCRA petition** cannot be filed until the resolution of review of **the pending PCRA petition** by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *(Footnote Continued Next Page)*

- 7 -

Indeed, Appellant presents no reason why he could not have raised it in an appeal from the denial of his 2008 petition itself, or in his 2010 or 2014 petitions. Further, our Supreme Court has made it clear that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (cleaned up). It has expressly rejected the notion that the one-year time limit for filing a PCRA petition is tolled while other petitions are pending. ***See Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999) (rejecting argument that PCRA time limitation was tolled while a petition was pending). Therefore, Appellant's first timeliness argument is unavailing.

---

*Id*. (emphases added). It was a proceeding of a different type, namely Appellant's direct appeal, that was pending at the time that he filed his 2008 PCRA petition, not an appeal concerning a prior PCRA petition.

As we noted earlier, this Court has held that a PCRA petition filed before a judgment of sentence is final **should** be dismissed without prejudice, and that a PCRA court lacks jurisdiction to **adjudicate the merits** of a PCRA petition while a direct appeal remains pending. ***See***, *e.g.*, ***Commonwealth v. Smith***, 244 A.3d 13, 16–17 (Pa.Super. 2020). However, Appellant has cited no authority to support his contention that the PCRA court's disposition of the merits of his premature petition six months after his direct appeal had concluded was a legal nullity, let alone that it reset the clock for filing a first, timely PCRA petition. For what it is worth, this Court noted no jurisdictional defect in the PCRA court's decision to deny the petition on the merits even after observing that it had been filed during the pendency of the direct appeal. ***Commonwealth v. Fennell*** ("***Fennell II***"), 48 A.3d 478 (Pa.Super. 2018) (unpublished memorandum at 2).

Appellant also argues that even if his judgment of sentence did become final in 2009,[5] his 2019 petition pled sufficient facts to invoke a timeliness exception. He asserts that the Commonwealth proffered at trial the testimony of "key witness" Vernita Deal concerning the use of a gun by Appellant's co-defendant during his commission of the crimes, knowing that it was inconsistent with Edwina Black's preliminary hearing testimony that Appellant did not have a gun. *See* Appellant's brief at 6-8. He states that he only discovered that the Commonwealth had violated his due process rights by obtaining the conviction through evidence it knew to be false on February 29, 2019, when his co-defendant sent him a copy of the preliminary hearing transcript. He contends that this evidence

> could not have been obtained sooner because when ever [A]ppellant made a request for them and other documents kept by the Philadelphia Clerk of Court, and the District Attorney[']s office [A]ppellant was instructed to contact his trial attorney Scott O[']Keefe who has repeatedly stated over the pas[t] 17 years that he dose [*sic*] not have any documents within his possession that deals [*sic*] with [A]ppellant[']s case.
>
> Appellant has even contacted his co-defendant[']s trial attorney who has also stated that he could not release any documents belonging to his client without a written consent. Which lead [A]ppellant to contact his co-defendant and receive a copy of the preliminary transcripts on February 29, 2019.

Appellant's brief at 9-10.

---

[5] It did. *See Commonwealth v. Fennell* ("*Fennell III*"), 180 A.3d 778, 781 (Pa.Super. 2018) (*en banc*) ("Appellant's judgment of sentence became final on June 30, 2009. . . .").

- 9 -

This argument is also unavailing. Appellant's vague allegations about his efforts over the years to obtain the transcripts of these hearings are insufficient to establish that he exercised due diligence in obtaining them. *Accord Fennell III*, *supra* at 784-85 (holding that Appellant did not establish due diligence in discovering the evidence that underpinned his 2014 PCRA petition where he claimed without elaboration that he was not able to obtain the 2006 *voir dire* transcript until 2013 and that he received information about the criminal record of one of the jurors from a fellow inmate in 2014). Moreover, as the Commonwealth observes, what each witness said has been known to Appellant since 2006 because he was present for both Ms. Black's testimony at his April 4, 2005 preliminary hearing and Ms. Deal's November 29, 2006 testimony at trial. *See* Commonwealth's brief at 8. Hence, the facts cannot serve to satisfy any timeliness exception in the absence of an explanation as to why he could not have presented his claim years ago. Thus, Appellant's petition, filed nearly a decade after his judgment of sentence became final, did not properly invoke an exception to the PCRA's one-year time bar.

For the foregoing reasons, Appellant has failed to satisfy his burden of establishing that the PCRA court erred in dismissing his 2019 PCRA petition as untimely. Therefore, no relief is due.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/6/2022*